UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Anthony Lamar Wright, #250258, *aka Anthony L. Wright,* | ) C/A No. 4:10-2444-TLW-TER ) ) |
| Plaintiff, | ) ) |
| vs. | ) REPORT AND RECOMMENDATION ) |
| Joanne Conley, in her individual capacity; Debra Brabham, in her individual capacity; Warden Mackie, in his individual capacity; Dr. Moore, in his individual capacity; Chuck Frazier, in his individual capacity, | ) ) ) ) ) |
| Defendants. | ) ) ) |

## I. PROCEDURAL BACKGROUND

The Plaintiff, Anthony Lamar Wright ("Plaintiff/Wright"), filed this action under 42 U.S.C. § 1983[1] on September 21, 2010. Plaintiff alleges that his constitutional rights were violated by Defendants. Defendants filed a motion for summary judgment on October 31, 2011. Because Plaintiff is proceeding pro se, the court issued an order on or about November 1, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the Defendants' motion for summary judgment and the possible consequences if he failed to respond adequately. Plaintiff failed to file a response.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of Plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the Defendant;

(3) the history of the Plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendants' motion for summary judgment, or the court's orders requiring him to respond.[2] The undersigned concludes the Plaintiff has abandoned this lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

---

[2] An Order was issued on November 3, 2011, directing the Plaintiff to "always keep the Clerk of Court advised in writing" if his address changed for any reason or his case may be dismissed. (Doc. #8).

## II.  CONCLUSION

As set out above, a review of the record indicates that the Plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

Respectfully submitted,

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

Florence, South Carolina  
December 13, 2011

**The parties' attention is directed to the important information on the attached notice.**