IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Anthony Lamar Wright, # 250258, aka Anthony L. Wright, <br><br> Plaintiff, <br><br> -versus- <br><br> Joanne Conley, in her individual capacity; Debra Brabham, in her individual capacity; Warden Mackie, in his individual capacity; Dr. Moore, in his individual capacity; Chuck Frazier, in his individual capacity, <br><br> Defendants. | C.A. No. 4:10-2444-TLW-TER <br><br><br><br> ORDER |

The Plaintiff has brought this *pro se* action against the Defendants under Title 42, United States Code, Section 1983. This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In his Report, Magistrate Judge Rogers recommends that the Defendant's motion for summary judgment (Doc. # 47) be granted for failure to exhaust administrative remedies, and that this case be dismissed. The Plaintiff has filed objections to the Report. (Doc. # 81).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny

1

entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. The Court accepts the Report.

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 79); Plaintiff's objections are **OVERRULED** (Doc. # 81); and Defendant's motion for summary judgment (Doc. # 47) is **GRANTED** for failure to exhaust administrative remedies, and this case is **DISMISSED** in its entirety.[1]

**IT IS SO ORDERED.**

s/ Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT JUDGE**

August 17, 2012
Florence, South Carolina

---

[1] The Court notes that no proof of service has been filed as to Defendants Conley and Brabham. (See Docs. # 25 & # 26). As the basis for dismissal of this action is failure to exhaust administrative remedies, this case is dismissed in its entirety and should be closed.

2