IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Anthony LaMar Wright, #250258,  ) | |
| *Aka Anthony L. Wright*  ) | |
|   ) | |
| Plaintiff,  ) | |
|   ) | Civil Action No.: 4:10-cv-02444-TLW |
| vs.  ) | |
|   ) | |
| Joanne Conley, in her individual capacity;  ) | |
| Debra Brabham, in her individual capacity;  ) | |
| Warden Mackie, in his individual capacity;  ) | |
| Dr. Moore, in his individual capacity;  ) | |
| Chuck Frazier, in his individual capacity,  ) | |
|   ) | |
| Defendants.  ) | |
| _____) | |

# ORDER

On October 31, 2011 Warden McKie, Dr. Moore, and Chuck Frazier ("Defendants") filed a Motion for Summary Judgment. (Doc. #47). Because Anthony LaMar Wright ("Plaintiff") is proceeding pro se, the Court issued an order on or about November 1, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the Defendants' Motion for Summary Judgment and the possible consequences if he failed to respond adequately. Plaintiff failed to file a response. Therefore, the Magistrate Judge entered a Report and Recommendation on December 13, 2011, recommending the case be dismissed for failure to prosecute under Rule 41b of the Federal Rules of Civil Procedure. (Doc. #52). On December 19, 2011, Plaintiff filed a response in opposition to the motion for summary judgment. (Doc. #54). On December 27, 2011, Plaintiff filed an objection to the report and recommendation. (Doc. #56). The District Judge therefore remanded the case back to the Magistrate Judge for a report

and recommendation on the pending Motion for Summary Judgment. On April 24, 2012, Plaintiff filed an additional document entitled "Objection to Defendant's Motion for Summary Judgment." (Doc. #72). On May 31, 2012, the Magistrate Judge issued a Report and Recommendation ("the Report") recommending that Defendants' Motion for Summary Judgment be granted. (Doc. #79). Plaintiff objected to the Report on June 14, 2012. (Doc. # 81). On August 17, 2012, this Court accepted the Report, overruled Plaintiff's objections, and granted the Defendants' Motion for Summary Judgment. (Doc. # 84).

This matter is now before the Court for consideration of Plaintiff's document filed on September 17, 2012 and docketed by the Clerk of Court as a Motion for Reconsideration. (Doc. # 87). The Defendants filed a Response in Opposition to the Motion for Reconsideration on September 21, 2012. (Doc. # 89).

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment; however, the rule does not provide a standard under which a District Court may grant such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.1998) (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pac. Ins. Co., 148 F.3d at 403 (internal citations omitted). "Similarly, if a party relies on newly discovered

evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." Id. (internal citation omitted).

Based upon the undersigned's review of the record in this case, the undersigned concludes that no legally sufficient basis exists to alter or amend this Court's September 14, 2010 Order in this case. In particular, the Plaintiff fails to: show any intervening change in controlling law; account for any new evidence; or show clear error of law or manifest injustice. Therefore, Plaintiff's Motion to Reconsider made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure it is **DENIED**. (Doc. # 87).

**IT IS SO ORDERED**.

s/Terry L. Wooten
**TERRY L. WOOTEN**
United States District Judge

October 19, 2012
Florence, South Carolina