IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Anthony LaMar Wright, #250258, *also known as Anthony L. Wright* ) ) ) | |
| Plaintiff, ) ) | Civil Action No.: 4:10-cv-02444-TLW |
| vs. ) ) | |
| Joanne Conley, *in her individual capacity*; ) Debra Brabham, *in her individual capacity*; ) Warden Mackie, *in his individual capacity*; ) Dr. Moore, *in his individual capacity*; ) Chuck Frazier, *in his individual capacity*, ) ) | |
| Defendants. ) ) | |

# ORDER

On October 31, 2011 Warden McKie, Dr. Moore, and Chuck Frazier ("Defendants") filed a Motion for Summary Judgment. (Doc. #47). Because Anthony LaMar Wright ("Plaintiff") is proceeding pro se, the Court issued an order on or about November 1, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the Defendants' Motion for Summary Judgment and the possible consequences if he failed to respond adequately. Plaintiff failed to file a response. Therefore, the Magistrate Judge entered a Report and Recommendation on December 13, 2011, recommending the case be dismissed for failure to prosecute under Rule 41b of the Federal Rules of Civil Procedure. (Doc. #52). On December 19, 2011, Plaintiff filed a response in opposition to the motion for summary judgment. (Doc. #54). On December 27, 2011, Plaintiff filed an objection to the report and recommendation. (Doc. #56). The District Judge therefore remanded the case back to the Magistrate Judge for a report

and recommendation on the pending Motion for Summary Judgment. On April 24, 2012, Plaintiff filed an additional document captioned "Objection to Defendant's Motion for Summary Judgment" and docketed as a Response in Opposition to the Motion for Summary Judgment. (Doc. #72). On May 31, 2012, the Magistrate Judge issued a Report and Recommendation ("the Report") recommending that Defendants' Motion for Summary Judgment be granted. (Doc. #79). Plaintiff objected to the Report on June 14, 2012. (Doc. # 81). On August 17, 2012, this Court accepted the Report, overruled Plaintiff's objections, and granted the Defendants' Motion for Summary Judgment. (Doc. # 84). On September 17, 2012, Plaintiff filed a Motion for Reconsideration of the Order Ruling on Report and Recommendation (Doc. # 87). Defendants filed a Response in Opposition to the Motion for Reconsideration on September 21, 2012, and the Court entered an ordered denying Plaintiff's Motion for Reconsideration on October 19, 2012.

This matter is now before the Court for consideration of Plaintiff's second Motion for Reconsideration re: Order Ruling on Report and Recommendation, Text Order on Motion to Appoint Counsel (Doc. #94) and Amended Motion for Reconsideration re: Order Ruling on Report and Recommendation, Text Order on Motion to Appoint Counsel (Doc. # 95).

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment; however, the rule does not provide a standard under which a District Court may grant such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.1998) (citing EEOC v. Lockheed Martin

Corp., 116 F.3d 110, 112 (4th Cir. 1997); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.,* 148 F.3d at 403 (internal citations omitted). "Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." Id. (internal citation omitted).

Based upon the undersigned's review of the record in this case, the undersigned concludes that no legally sufficient basis exists to alter or amend this Court's August 17, 2012 Order or its April 4, 2012 Text Order. In particular, the Plaintiff fails to show any intervening change in controlling law; account for any new evidence; or show clear error of law or manifest injustice. Therefore, Plaintiff's Motion to Reconsider and Amended Motion to Reconsider, made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, are **DENIED**.  (Doc. #94, #95).

**IT IS SO ORDERED**.

s/Terry L. Wooten<br>**TERRY L. WOOTEN**<br>United States District Judge

January 28, 2013
Columbia, South Carolina