**Print**

# DENIED

*[signature]* Terry L. Wooten  5/17/13
**TERRY L. WOOTEN**
**U. S. DISTRICT JUDGE**
DATE

Handwritten notes:
① New motion offers no new evidence, change in law, previous error
② No additional evidence, hearing, exhaustion of administrative remedies
TLW

In the United States District Court
For the District of South Carolina

| | |
|---|---|
| Anthony L. Wright )  | |
| Plaintiff. ) | C/A No. 4:10-cv-2444TLW-TER |
| Vs. ) | Motion for Reconsiderations |
| Nurse Joanne Conley in her individual capacity; ) | |
| Nurse Debra Brabham in her individual capacity; ) | |
| Warden Mackie in his individual capacity; Dr. Moore ) | |
| In his individual capacity; Captain Chuck Frazier in his ) | |
| Individual capacity ) | |
| Defendants ) | |

For the below reasons pro-se plaintiff motions for previous motions to be reconsidered;

1. False statements were presented to the court by the defendants producing misleading evidence as the enclosed (PLRA) Prison Litigation Reform Act states "An exception to the requirement that all appeals be taken occurs if the prisoner does not receive a response at the final appeal level of the grievance and Grievance Policy GA-01-.12 mentioned by the defendants though only partially states in section 18.1 "If an inmate is released from the custody of the SCDC custody and has an open grievance, the grievance will be terminated." The termination of the grievance leaving no possible administrative remedy in itself exhausted the administrative remedy.

2. There was a clear error of law in the regards of counsel being denied when pro-se plaintiff mental health diagnosis has worsened and the denial of his receiving essential health records never being received due to failure of defendants respecting the scheduling order of this honorable court and in Summary Judgment being granted in favor of the defendants when the administrative remedy has been exhausted since the termination of pro-se plaintiff Wright's grievance after his release April 29th 2011 prohibiting any type relief for the (9) nine months suffered wrongs by the defendants leaving him permanently injured until a scientific breakthrough occurs.

3. Defendants attorney, Mr. Marshall H. Waldron Jr. stated in his Motion of Opposition to Pro-se Plaintiff's Motion for Reconsideration, "He only has to completely exhaust his administrative remedies to open the doors to the court house. He then has then has the opportunity to demonstrate the merits of his claim." All mention by the defendants attorney has occur.

4. Several medical employees were terminated for the unprofessional conduct in the denial of medications by the defendants leaving pro-se plaintiff's mentally and physically health injured.

Pro-se plaintiff Wright still seeks justice at a trial by jury.

Respectfully,
Anthony L. Wright
*[signature]*
48 Remington Circle
Yemassee, S.C.

29945



# Coastal Empire CMHC

USDC CLERK, RECEIVED
FLORENCE, SC
2013 MAY -1  PM 10: 32

**Administration**
1050 Ribaut Road
Beaufort, SC 29902
(843) 524-8899
Fax. (843) 524-8179
Ramon D. Norris, MS.
Executive Director

**Allendale County**
P.O. Box 514
603 Barnwell Road
Allendale, SC 29810
Clinic: (803) 584-4636
CAF: (803) 584-5008
Fax: (803) 584-5065

**Beaufort County**
1050 Ribaut Road
Beaufort, SC 29902
Clinic: (843) 524-3378
CAF (843) 524-2610
PSR: (843) 846-2913
Fax: (843) 524-1879

P.O. Box 23079
151 Dillon Road
Hilton Head, SC 29925
Clinic: (843) 681-4865
Fax: (843) 689-6267

**Colleton County**
P.O. Box 578
507 Forest Circle
Walterboro, SC 29488
Clinic: (843) 549-1551
PSR: (843) 549-6536
Fax: (843) 549-5637

**Hampton County**
P.O. Box 1491
65 Forest Drive
Varnville, SC 29944
Clinic: (803) 943-2828
PSR: (803) 943-4381
Fax: (803) 943-4568

**Jasper County**
P.O. Box 1016
1510 Grays Highway
Ridgeland, SC 29936
Clinic: (843) 726-8030
Fax: (843) 726-8207

April 8, 2013

U.S. District Court
P.O. Box 2317
Florence, SC 29503
RE: Case # Civil Action
C/A No.:4:10-CV-2444

Attention:
Magistrate: Thomas E. Rodgers
District Judge: Thomas Wooten
**RE: Mr. Anthony L. Wright**

Dear Sirs:

This memo is in regards to above named individual, Mr. Anthony Wright. Mr. Wright has been in and out of treatment with Coastal Empire Community Mental Health Center with two brief episodes of care in 1995, another brief episode in 2011. His case was just recently re-opened in March 2013. He presents with a chronic history of treatment for complaints and symptoms of mental illness and it is recommended that he not proceed in any legal matter without counsel.

If we can be of any further assistance to either of you in this matter, please feel free to contact Mrs. Angie B. Salley, MA at 843-549-1551.

Respectfully Yours,

Kellie C. Bishop, M.D.
Psychiatrist

Angie B. Salley, MA
Area Coordinator

The attached or enclosed information has been disclosed to you from records whose privacy is protected from disclosure by federal and state law including, as applicable, 45 CFR Part 160 HIPAA; 42 CFR Part 2, (alcohol and drug treatment) and Section 44-22-100, Code of Laws of South Carolina. The applicable law or laws may prohibit you from making any further disclosure without the specific written authorization by the individual to whom it pertains or their authorized representative, or as otherwise permitted or required by law. A general authorization for release of information is not sufficient for this purpose unless it conforms to the specific requirements of the applicable law or laws. Further disclosure not in accordance with applicable federal and state law may result in civil and/or criminal penalties.

---

John Magill, State Director of Mental Health

DMH South Carolina Department of Mental Health

Created on 4/8/2013 10:12 AM

Dear Grievance Office,

Mark Ball

RECEIVED
MAR 0 5 2013

INMATE GRIEVANCE

My name is Anthony Lamar Wright. My relative Gerard Strong spoke with you regarding a grievance he and I filed while incarcerated in SCDC. It is said the Department has closed the Grievances upon our release. I ask that confirmation of this be mail to me at the below address permitting this matter to be over with the grievances.

Thanks in advance for your assistance.

Anthony L. Wright
48 Remington Circle
Yemassee S.C. 29945

In accordance with GA-01.12, "Inmate Grievance System", section "**18.1** If an inmate is released from the custody of the SCDC and has an open grievance, the grievance will be terminated." I hope this addresses your concerns.

March 11, 2013          Ann Hallman, Branch Chief

Febuary 28, 2013

Know Your Rights: The Prison Litigation Reform Act (PLRA)

The Prison Litigation Reform Act (PLRA) makes it harder for prisoners to file lawsuits in federal court. This fact sheet outlines the information you need to know before filing a lawsuit.

## THE PRISON LITIGATION REFORM ACT (PLRA)

If you are thinking about filing a lawsuit, then you should know about a 1996 law called the Prison Litigation Reform Act (PLRA), which makes it harder for prisoners to file lawsuits in federal court. There are many parts to the PLRA, but the following parts are the most important for you to understand.

### I. EXHAUSTION OF ADMINISTRATIVE REMEDIES (42 U.S.C. § 1997e(a))

The First key to remember about the PLRA is that before you file a lawsuit, you must try to resolve your complaint through the prison's grievance procedure. This usually requires that you give a written description of your complaint (often called a "grievance") to a prison official. If the prison provides a second or third step (like letting you appeal to the warden), then you must also take those steps. If you file a lawsuit in federal court before taking your complaints through every step of your prison's grievance procedure, it will almost certainly be dismissed.

#### A. What is exhaustion?

Exhausting your remedies for the PLRA requires filing a grievance and pursuing all available administrative appeals.[1] In addition, every claim you raise in your lawsuit must be exhausted.[2] However, if a prisoner does not file a grievance because he is unable to obtain grievance forms, no administrative remedy is "available" and the prisoner may file in court.[3] In a multi-step grievance system, if staff fail to respond within the time limits established in the grievance system's rules, the prisoner must appeal to the next stage.[4] If the prisoner does not receive a response at the final appeal level, and the time for response has passed, the prisoner has exhausted.[5]

An exception to the requirement that all appeals be taken occurs if the prisoner cannot appeal without a decision from the lower level of the grievance system, and the lower level did not respond to the grievance.[6]

Courts have differed widely on when failure to exhaust might be excused.[7] But the safest course is always:

> with respect to **each claim** you want to raise, and **each defendant** you want to name, in your eventual lawsuit, you should **file a grievance** and **appeal** that grievance through **all available levels of appeal**.

You should get a copy of your prison or jail's grievance policy and follow it as closely as you can.

#### B. What happens if you don't exhaust the grievance process?